UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR H.J. ANDERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>SHANE YELLAND, et al.,<br><br>        Defendants. | CIVIL ACTION NO. 1:15-CV-01322<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This is a civil action filed by *pro se* litigant, Victor H.J. Anderson, appearing *in forma pauperis*. For the reasons provided herein, Plaintiff's complaint (Doc. 1), will be dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

**I.   BACKGROUND**

Plaintiff Victor H.J. Anderson, proceeding *pro se*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on July 6, 2015, naming as defendants Officers Shane Yelland and Joseph Sinavage. (Doc. 1). From what can be gleaned from his six-page complaint, as well as the Pennsylvania Docket Sheet of which the Court has taken judicial notice, [1] Anderson

---

[1] In addition to the complaint in this matter (Doc.1), the Court takes judicial notice of the Pennsylvania state court docket sheet, which is available through Pennsylvania's Unified Judicial Docket System. *See Commonwealth v. Anderson*, No. CP-40-CR-0003999-2014 (Luzerne Cnty. C.C.P.); *Commonwealth v. Anderson*, No. CP-40-CR-0004014-2014 (Luzerne Cnty. C.C.P.); *Commonwealth v. Anderson,* No. CP-40-CR-0003872-2014 (Luzerne Cnty. C.C.P.); *Commonwealth v. Anderson*, No. CP-40-CR-0000458-2012 (Luzerne Cnty. C.C.P.); *Commonwealth v. Anderson*, CP-40-CR-0000470-2009 (Luzerne Cnty. C.C.P.); *Commonwealth v. Anderson*, No. CP-40-CR-0000472-2009 (Luzerne Cnty. C.C.P.).

appears to allege that he was falsely arrested for drug-related offenses and subjected to malicious prosecution, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, he claims that he "was charged by Officer Shane Yelland and Officer Joseph Sinavage in 2011[2] and the case was dismissed at trial and now [they] are charging [him] with three new cases." (Doc. 1, at 2). He believes he is being harassed, "targeted and racially profiled." (Doc. 1, at 3). He claims that his arrest was made without probable cause in that he was only arrested because of statements made by an allegedly unreliable confidential informant. Anderson seeks compensatory and punitive damages for these alleged constitutional violations.

## II. SECTION 1915(A) STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.§ 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 587–89

---

[2] In reviewing the state court docket, this Court is unable to locate any criminal proceeding arising from a 2011 arrest involving the above-captioned Defendants. It does appear that Anderson was arrested in 2012 for numerous drug related offenses by Officer Christopher O'Brien. Anderson pled guilty to one count of manufacture, delivery, or possession with intent to manufacture or deliver. The other charges were dismissed. *See Commonwealth v. Anderson*, No. CP-40-CR-0000458-2012 (Luzerne Cnty. C.C.P.).

(W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit, discussing the evolving standards governing pleading practice in federal court, has stated in relevant part:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler*, 578 F.3d at 209-10.

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief, which "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III. DISCUSSION

In construing Anderson's complaint liberally, it appears that Anderson sets forth a false arrest claim and a malicious prosecution claim under the Fourth Amendment, and a racial profiling claim under the Fourteenth Amendment.

#### A. MALICIOUS PROSECUTION CLAIM

To prevail on a malicious prosecution claim, the plaintiff must establish that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the

defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007) (emphasis added). This civil rights action is brought against the backdrop of three pending state criminal cases. *See Commonwealth v. Anderson*, No. CP-40-CR-0003999-2014 (Luzerne Cnty. C.C.P.); *Commonwealth v. Anderson*, No. CP-40-CR-0004014-2014 (Luzerne Cnty. C.C.P.); *Commonwealth v. Anderson*, No. CP-40-CR-0003872-2014 (Luzerne Cnty. C.C.P.). The procedural posture of Anderson's underlying criminal cases thus dictates dismissal of his malicious prosecution claim, as Anderson cannot, at this time, satisfy a requisite element of a malicious prosecution claim: favorable termination of the state prosecution. *See, eg., Galloway v. Kane*, No. 1:15-CV-1007, 2015 WL 3953112, at *5 (M.D. Pa. June 29, 2015).[3] Accordingly, the Court will dismiss this claim without prejudice.

B. <u>FALSE ARREST CLAIM</u>

It appears that Anderson was arrested by Defendants pursuant to an arrest warrant. He claims, however, that there was "no probable cause to warrant [him] for an arrest," presumably because Defendants "targeted and racially profiled" him. (Doc. 1, at 3). He also appears to

---

[3] To the extent that Anderson challenges prior drug related charges, specifically *Commonwealth v. Anderson*, CP-40-CR-0000470-2009 (Luzerne Cnty. C.C.P.), and *Commonwealth v. Anderson*, No. CP-40-CR-0000472-2009 (Luzerne Cnty. C.C.P.), such offenses do not form the basis of a malicious prosecution claim because Anderson has not alleged facts suggesting that these criminal proceedings were initiated without probable cause, nor has he established that the criminal proceedings ended in his favor. As for *Commonwealth v. Anderson*, No. CP-40-CR-0000458-2012 (Luzerne Cnty. C.C.P.), the two-year statute of limitations clearly bars any claim arising from this criminal proceeding, as the remaining charges were dismissed on February 1, 2012.

allege that he was "locked up on the word of a CI [(confidential informant)] who[ ] [is] also a criminal [ ] in trouble with the law." (Doc. 1, at 3). To maintain a § 1983 false arrest claim, the plaintiff must show that the arresting officer lacked probable cause to make the arrest. *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir. 1988). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police,* 71 F.3d 480, 483 (3d Cir. 1995). Here, Anderson has failed to plead sufficient facts to state a plausible claim for false arrest. Specifically, he has not alleged any facts regarding the circumstances that led to his arrest, what information was known to the Defendants and provided in the affidavit of probable cause to procure an arrest warrant, and what statements allegedly supplied by the confidential informant were false. In essence, Anderson fails to allege facts suggesting why he believes that the arrest was made in the absence of probable cause. As Anderson has not alleged enough facts to state a claim to relief that is plausible on its face, the Court will dismiss this claim without prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii).

    C. S<small>ELECTIVE</small>-E<small>NFORCEMENT</small> C<small>LAIM</small>

Anderson's complaint alleges that he is being "targeted and racially profiled." (Doc. 1, at 3) To the extent that Anderson's attempts to assert a selective-enforcement claim brought pursuant to the Fourteenth Amendment, such a claim requires that he allege facts from which it could be inferred that the Defendants' actions were taken with a discriminatory effect and that the Defendants were motivated by a discriminatory purpose. This requires, at a minimum, "allegations that similarly situated individuals of a recognizable different ethnic group were not subjected to the same treatment as the plaintiff." *Murphy v. Mifflin Cnty. Reg'l Police Dep't*, No.

CIV.A. 1:09-2261, 2011 WL 861812, at *6 (M.D. Pa. Jan. 7, 2011) *report and recommendation adopted,* No. 1:09-CV-2261, 2011 WL 863551 (M.D. Pa. Mar. 9, 2011); *see also Carrasca v. Pomeroy,* 313 F.3d 828, 834 (3d Cir. 2002) ("To prevail on an equal protection claim in the racial profiling context, Plaintiffs would have to show that the challenged law enforcement practice had a discriminatory effect and was motivated by a discriminatory purpose . . . To prove discriminatory effect, Plaintiffs must show that they are members of a protected class and 'similarly situated' persons in an unprotected class were not prosecuted.") (internal citation omitted). Here, the complaint fails to allege that Anderson was treated differently from similarly situated individuals of another race. As Anderson has failed to state a racial profiling claim, this Court will dismiss this claim without prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). At this stage of the proceedings, it is not clear that amendment would be futile, nor is there any basis to believe it would be inequitable. Accordingly, Anderson will be given an opportunity to file an amended complaint within thirty (30) days of the entry of this Order.

### V. CONCLUSION

Based on the foregoing, Plaintiff's complaint (Doc. 1) will be **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff will be given leave to file an amended complaint within thirty (30) days following the dismissal of his complaint.

An appropriate Order will follow.

**BY THE COURT:**

**Dated: August 17, 2015**         *s/ Karoline Mehalchick*
                                  **KAROLINE MEHALCHICK**
                                  **United States Magistrate Judge**