**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

VICTOR H.J. ANDERSON,

           Plaintiff,

   v.

SHANE YELLAND, et al.,

           Defendants.

CIVIL ACTION NO. 1:15-CV-01322

(RAMBO, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

On July 6, 2015, Plaintiff Victor H.J. Anderson, proceeding *pro se*, filed the above-captioned civil rights action under 42 U.S.C. § 1983 against Officers Shane Yelland and Joseph Sinavage for malicious prosecution, false arrest, and racial profiling, in violation of his Fourth and Fourteenth Amendment rights. (Doc. 1). In his complaint, Plaintiff claimed that he "was charged by Officer Shane Yelland and Officer Joseph Sinavage in 2011 [for drug-related offenses] and the case was dismissed at trial and now [they] are charging [him] with three new cases." (Doc. 1, at 2). He further alleged that he was being harassed, "targeted and racially profiled." (Doc. 1, at 3). On August 17, 2015, the undersigned dismissed the complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), but granted Plaintiff thirty (30) days leave to file an amended complaint. (Doc. 9). The Court instructed Plaintiff that failure to file an amended complaint within that timeframe would result in a recommendation of dismissal of his case. Plaintiff failed to timely file an amended complaint in accordance with the Court's Order. Accordingly, it is recommended that the instant civil action be closed.

Based on the forgoing, it is recommended that the Clerk be directed to close this case.

BY THE COURT:

Dated: September 25, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR H.J. ANDERSON,<br><br>      Plaintiff,<br><br>v.<br><br>SHANE YELLAND, et al.,<br><br>      Defendants. | CIVIL ACTION NO. 1:15-CV-01322<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 25, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: September 25, 2015                                    *s/ Karoline Mehalchick*
                                                                              **KAROLINE MEHALCHICK**
                                                                              **United States Magistrate Judge**